UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH MASSIMINO           :

    Plaintiff,        :

                    :

V.                        :     Case No. 3:21CV1132 (RNC)

                    :

MATTHEW BENOIT ET AL.,    :

                    :

    Defendants.       :

SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN

Based on the parties' report [doc. #22], the following dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1:

1. **Pleadings:**  Any motion to amend the complaint will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

2. **Joinder of Parties:**  Any motion to join parties will be filed by **November 1, 2022**. Any such motion filed after this date will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

3. **Discovery Deadline:**  All discovery, including all discovery relating to expert witnesses, will be completed (not just propounded) by **March 17, 2022**.  Discovery requests must be served sufficiently in advance of the discovery cut-off date to allow reasonable time to comply with the request before the cut-off date.  The pendency of a motion to compel

or for a protective order does not extend the period for completing other discovery.  In addition, the filing of a motion to dismiss does not stay discovery. Discovery will not be stayed except pursuant to a motion to stay demonstrating that the motion to dismiss is likely to be granted and will moot the need for discovery.

4.   **Initial Disclosures:**  The parties will make the disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **February 23, 2022.**

5.   **Commencement of Formal Discovery:**  Formal discovery may commence immediately.

6.   **Discovery of Expert Witnesses:**  An expert witness is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Unless otherwise ordered, a party intending to call an expert witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a) (2)(B) or (a)(2)(C), whichever applies.  Plaintiff does not contemplate relying on expert testimony. All such expert reports will be disclosed by the defendants on or before **January 17, 2022,** and any such experts will be deposed by **March 17, 2022.**  Plaintiff's rebuttal experts will be disclosed by **March 1, 2022,** and any such experts will be deposed by **March 17, 2022.**

2

7.   **Damages Analysis:**  Plaintiffs will serve a damages analysis on or before **November 15, 2022.**

8.   **Motions to Compel:**  Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response.  Failure to file a timely motion in accordance with this scheduling order may constitute a waiver of the right to file a motion to compel.

**NOTE: All discovery issues should be resolved in good faith by counsel in accordance with their obligations under the Federal and Local Rules of Civil Procedure. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 860-240-3659.**

9.   **Mandatory Settlement Conference:**  A settlement conference will be scheduled for the month of **April 2022.** Any party wishing to have a settlement conference before then is encouraged to file a motion that reflects the views of the other parties.

10.   **Joint Trial Memorandum:**  A joint trial memorandum in the form described in the attached instructions will be filed on or before **May 1, 2022.**  Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.

11.  **Trial Ready Date:**  The case will be placed on the trial
ready list for **June 1, 2022.**

12.  **Dispositive Motions:**  No dispositive motion will be
filed unless a prefiling conference is requested.  Any
request for a prefiling conference must be submitted in the
form of a letter to the court (with copies to all counsel of
record) briefly describing the nature and basis of the
proposed motion.  No request for a prefiling conference may
be submitted unless the attorney making the request has
conferred with other counsel of record and discussed the
proposed motion in a good faith effort to clarify the issues,
eliminate or reduce the area of controversy and arrive at a
mutually satisfactory resolution.  Cf. D. Conn. L. Civ. R.
37(2)(requiring counsel to confer before filing motions
relating to discovery disputes).  Any request for a prefiling
conference must include a statement that the attorney
submitting the request has conferred with other counsel and
must briefly describe the results of the conference.  To be
timely, any request for a prefiling conference regarding a
motion for summary judgment must be submitted on or before
**March 15, 2022.**  Failure to submit a timely request may
result in a waiver of the right to file a summary judgment
motion. If a summary judgment motion is filed, the joint

trial memorandum will be due 30 days after a ruling on the motion.

**Reminder: Under Fed. R. Civ. P. 56, a party may obtain summary judgment as to a claim or defense only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  On a motion for summary judgment, the court must assume that a trier of fact would resolve all factual disputes in favor of the party against whom judgment is sought.  Summary judgment is proper only when, with all permissible inferences and credibility questions resolved in favor of the party opposing summary judgment, a verdict in favor of that party would have to be set aside.  In deciding a motion for summary judgment, the evidence must be viewed as a whole. However, all evidence favorable to the party opposing the motion must be credited if it could be credited by a trier of fact. And evidence supporting the moving party with regard to a disputed issue of fact may be disregarded unless it is uncontradicted, unimpeached and comes from a disinterested source. *See Reeves v Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000); Redd v New York Div. of Parole, 678 F.3d 166, 174 (2d Cir. 2012).*  In presenting a motion for summary judgment, an attorney certifies that the motion is grounded in these principles.**

13.   **Joint Status Reports of Counsel:**  A joint status report of counsel will be submitted on or before **March 9, 2022.** The report will address the matters listed in the attached summary.  Joint status reports of counsel addressing those matters will be submitted every 90 days thereafter until the case is resolved.

14.   **Status Conference:**  A status conference will be conducted by telephone on **April 14, 2022 at 2:00PM.**

15.   **Extensions of Time:**  All dates set forth in this order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order.  Because of the importance of the discovery deadline to the entire schedule, and the generous amount of time for discovery permitted by the discovery deadline of **March 17, 2022,** motions to extend the discovery deadline are unlikely to be granted.

Counsel will provide their clients with a copy of this order.

It is so ordered.

Dated at Hartford, Connecticut this 9th day of February, 2022.

                    _____/s/ RNC_____
                         Robert N. Chatigny
                         U.S. District Judge

STATUS REPORT INSTRUCTIONS


RE: **CASE NO.   3:21cv1132(RNC)**

_____

To: **COUNSEL OF RECORD**

_____

ON OR BEFORE: **March 9, 2022**


THE PARTIES SHALL FILE WITH THE COURT A JOINT STATUS REPORT, STATING THE FOLLOWING:

    a.    THE STATUS OF THE CASE, IDENTIFYING ANY PENDING OR ANTICIPATED MOTIONS AND ANY CIRCUMSTANCES POTENTIALLY INTERFERING WITH THE PARTIES' COMPLAINCE WITH THE SCHEDULING ORDER, AS WELL AS A DETAILED STATEMENT OF ALL DISCOVERY UNDERTAKEN TO DATE, INCLUDING HOW MANYDEPOSITIONS EACH PARTY HAS TAKEN AND THE SPECIFIC DISCOVERY THAT REMAINS TO BE COMPLETED;

    b.    ANY INTEREST IN REFERRAL FOR SETTLEMENT PURPOSES TO A UNITED STATES MAGISTRATE JUDGE OR THE DISTRICT COURT'S SPECIAL MASTERS PROGRAM;

    c.    WHETHER THE PARTIES WILL CONSENT TO EITHER A JURY TRIAL OR A BENCH TRIAL BEFORE A MAGISTRATE JUDGE; AND

    d.    THE ESTIMATED LENGTH OF TRIAL.


                   BY ORDER OF THE COURT
                   ROBIN D. TABORA, CLERK

Joint Trial Memorandum Instructions

The parties will jointly prepare and file for approval by the Court a joint trial memorandum. **Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.** The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers trying the case, with the following modifications:

a.   **Witnesses:**   Set forth the name and address of each witness to be called at trial. Provide a brief summary of the anticipated testimony of each witness and an estimate of the probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day). For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

b.   **Exhibits:**   The parties will prepare the list of exhibits required by the Standing Order. The list must specifically identify each exhibit by providing a brief description of the exhibit. The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1. If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived. Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk. The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference. Counsel will retain the original set of exhibits for use at trial.

c.   **Jury Instructions:**   In jury cases, the parties will meet and confer for the purpose of preparing and filing tailored jury instructions on the elements of the parties' claims and defenses. The proposed instructions will be submitted as an attachment to the joint trial memorandum. If the parties cannot agree as to the appropriateness of a particular instruction, each party must submit a proposed instruction supported by a brief explanation of its position, including citation to applicable authority.

8

       d.   **Anticipated Evidentiary Problems:**  The parties will attach motions in limine with memoranda of law concerning any anticipated evidentiary problems.

       e.   **Verdict Form:**  In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury. The form may require the jury to return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.

       f.   **Courtroom Technology:**  List all equipment to be used during trial, including any equipment already installed in the courtroom (see attached list), and any arrangements that have been made for shared use of equipment; list any backup equipment that will be available in the event of an equipment failure; identify any presentation software to be used during trial, and state whether each party is able to receive and use digital files of presentation materials prepared by the other; and describe any expected use of videoconferencing. Any request for Courtroom Technology must be received by the Clerk's office two weeks prior to the scheduled hearing.

## NORTH COURTROOM EQUIPMENT LIST

Widescreen LCD Monitors at the following locations:

     Counsel Tables

     Witness Stand (Touch Annotation for marking documents)

     Jury Box

     Judges Bench

     Lectern (Touch Annotation for marking documents)

     Court Reporter

     Law Clerk

46" Wall mounted LCD Displays for Gallery Viewing

Document Camera (Elmo)

Blue-Ray/DVD Player

VGA & HDMI Inputs at Lectern

VGA & HDMI Inputs at Counsel Tables