```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
 _____
                                |
 KEITH MASSIMINO,               | No. 3:21-cv-01132-RNC
                    Plaintiff,  |
 v.                             | April 26, 2022
 MATTHEW BENOIT, ET AL.,        |
                    Defendants. | 3:32 p.m.
 _____|
                                  Abraham A. Ribicoff
                                  Federal Building
                                  450 Main Street
                                  Hartford, CT 06103

              Telephonic Status Conference

 B E F O R E:

       THE HONORABLE ROBERT N. CHATIGNY, U.S.D.J.

 A P P E A R A N C E S:
 For the Plaintiff:
         DAN BARRETT, ESQ.
         American Civil Liberties Union - CT
         765 Asylum Avenue, First Floor
         Hartford, CT 06105
         (860)471-8471
         Email: dbarrett@acluct.org

 For the Defendants:
         JOSEPH A. MENGACCI, ESQ.
         Corporation Counsel's Office - Waterbury
         235 Grand Street, 3rd Floor
         Waterbury, CT 06702
         (203)574-6731
         Email: jmengacci@waterburyct.org


 Courtroom Deputy:                    Court Reporter:
 Loraine LaLone                       Cassie Zayas, RPR


               Chambers: (203)773-2022
```

1         (Call to order, 3:32 p.m.)
2         THE COURT:  Good afternoon.  This is Judge
3    Chatigny speaking.  This is a followup telephone
4    conference in the Massimino case.
5         Would counsel please enter their appearances at
6    this time?
7         MR. BARRETT:  Good afternoon, Your Honor.  Dan
8    Barrett from the ACLU Foundation of Connecticut for
9    Mr. Massimino.
10        THE COURT:  Good afternoon.
11        MR. MENGACCI:  Good afternoon, Your Honor.
12   Joe Mengacci for the defendant officers.
13        THE COURT:  Good afternoon.
14        Since we last spoke, I have had an opportunity
15   to give this case further attention, and I have concluded
16   that the best course is to deny the motion to dismiss in
17   anticipation of discovery being completed in the
18   not-too-distant future with summary judgment motions to
19   follow.
20        I think what the -- the case presents issues
21   that are best addressed on a fuller record than simply on
22   the basis of the allegations of the complaint, even taking
23   into account the video that we have.
24        And in reaching the conclusion that the motion
25   to dismiss should be denied, I have given what I think is

```
 1   fair consideration of the defendants' interest in
 2   qualified immunity.
 3           It's unclear to me, and I hope it will become
 4   clearer, what exactly happened.  The video helps very
 5   much, of course; but I'd like to know what the officers
 6   had in mind when they approached the plaintiff, and why
 7   they thought that they were acting lawfully.
 8           If we accept the allegations of the complaint as
 9   true, I don't think that they compel a grant of qualified
10   immunity to these officers.  It isn't apparent to me that
11   a qualified officer could believe that approaching this
12   individual was necessarily lawful because of safety
13   concerns.  I would need to know more about what the
14   officers had in mind before I could determine whether they
15   are entitled to qualified immunity.
16           Did they undertake to engage the plaintiff in a
17   consensual encounter, lacking reasonable suspicion to
18   order him to do anything but seeking information about
19   what he was up to?  Or did they think that, given the
20   specific articulable facts known to them before they
21   approached him, they thought they had sufficient grounds
22   to conduct a terry stop.  I don't know what they had in
23   mind, and I think it's important that they explain what
24   happened.
25           I grant you that an objective standard obtains,
```

```
 1   but in applying an objective standard, I need to know what
 2   these officers were doing and why they were doing it.
 3             You know, if the officers can show that a
 4   reasonable officer could believe that a terry stop was
 5   called for at some point, then they might be entitled to
 6   qualified immunity; given that the Connecticut Supreme
 7   Court has ruled that you can ask for identification in the
 8   course of a lawful terry stop, and if the person refuses,
 9   you can arrest the person for interfering.
10             But, again, on the allegations of the complaint,
11   I can't say that this was a lawful terry stop in which
12   they requested identification in the lawful exercise of
13   their authority, permitting them to arrest this individual
14   for violating the statute.
15             And I'm referring here to a Connecticut Supreme
16   Court decision in 2007, which construed the statute
17   53a-167a to permit an arrest, provided the terry stop was
18   lawful, making the request for identification lawful.
19             It's unclear to me based on the allegations of
20   the complaint when the officers believed that they had
21   authority to order the plaintiff to do anything under
22   terry, exposing him to potential arrest if he refused to
23   comply.
24             We talked last time about the potential
25   significance of the plaintiff's statement that he was a
```

```
 1   journalist, followed by his refusal to produce his
 2   credentials.  The significance of his statement and his
 3   refusal can't be determined at this juncture, which is
 4   another reason why I don't think the motion to dismiss can
 5   be granted.
 6           The First Amendment claim poses its own distinct
 7   problems.  But I think that if I'm going to be ruling on
 8   summary judgment, I might as well withhold the decision on
 9   that claim until I have the -- the better record that
10   should be available to me on summary judgment.
11           So there you are.  I hope that that is
12   reasonably clear.  It seems that with summary judgment on
13   the horizon, I will be better able to figure out what
14   happened and, on that basis, make rulings on the qualified
15   immunity defense, which I don't feel I'm able to do today.
16           I wanted to get back to you promptly so that you
17   could proceed knowing what I have in mind.  And so, I will
18   leave it to you to follow up with me if you need anything
19   further from me.  Otherwise, I'll assume that you'll
20   complete discovery, and after that you'll have summary
21   judgment practice.
22           You're welcome to comment or ask questions if
23   you want to.  Otherwise, I can let you go.  It's up to
24   you.
25           MR. BARRETT:  Nothing from the plaintiff --
```

```
 1                MR. MENGACCI:  From --
 2                MR. BARRETT:  -- your Honor, thank you.
 3                MR. MENGACCI:  Attorney Barrett, go ahead.  Did
 4   you want to say something?
 5                MR. BARRETT:  No.  Thank you, Mr. Mengacci.
 6                Your Honor, I was just saying that Mr. Massimino
 7   does not have any questions.  We understand the ruling.
 8                MR. MENGACCI:  And from the defense perspective,
 9   thank you very much, Your Honor, for narrowing the issues
10   for us for the motion for summary judgment.
11                And we do have Mr. Massimino's depo scheduled
12   for later this week, and we will proceed with discovery
13   and get the motions filed.  I know that Attorney Barrett
14   will be filing a motion as well.
15                THE COURT:  Okay, very good.  Well, I appreciate
16   your help with the case, and look forward to engaging with
17   it further on down the road.
18                MR. BARRETT:  Thank you.
19                MR. MENGACCI:  Thank you, Your Honor.
20                THE COURT:  Thank you for being available today.
21                (Proceedings concluded, 3:43 p.m.)
22
23
24
25
```

```
 1                          CERTIFICATE
 2
 3                   RE: Massimino v. Benoit
 4                   Case No. 3:21-cv-01132-RNC
 5
 6         I, Cassie Zayas, RPR, Official Court Reporter
 7   for the United States District Court, District of
 8   Connecticut, do hereby certify that the foregoing 6 pages
 9   are a true and accurate transcription of my stenographic
10   notes taken in the aforementioned matter to the best of my
11   skill and ability.
12
13                              _ /s/    CASSIE ZAYAS_____
14                              Official Court Reporter
15                              United States District Court
16                              141 Church Street
17                              New Haven, CT 06510
```